## HUCKABY *v.* JENKINS.

(Division B.  May 20, 1929.)

[122 So. 487.  No. 27749.]

For former opinion, see 121 So. 130.

*Barbour & Henry,* of Yazoo City, for motion to correct judgment.

ETHRIDGE, P. J., delivered the opinion of the court.

The appellees move the court to correct the judgment entered upon the affirmance of this case by allowing five per cent damages upon the judgment allowed by the court below. The judgment was affirmed on March 18th, and a suggestion of error was filed, which was overruled on April 15th. The amount of the judgment affirmed, with interest, was six thousand seven hundred forty-five dollars, but, in entering the judgment of affirmance, the five per cent damages for

appellees was not entered. It appeared that the appellees owned four-fifths of the sum allowed in the court below and the appellant one-fifth. The litigation was over this sum; the appellant claiming to be entitled to it, and the appellees claiming that appellant was not entitled to it, that it was a part of the estate being administered, and appellees were entitled there to four-fifths of it.

In section 3407, Hemingway's Code 1927, it is provided that: "In case the judgment or decree of the court below be affirmed, . . . the supreme court shall render judgment against the appellant for damages, at the rate of five per centum and costs, as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum."

It is said in resistance of this motion that it should not be allowed, because it is, in effect, a suggestion of error, and that it ought to have been filed within the fifteen days allowed by the rules of court, or within the fifteen days' extension authorized under the rules to be granted in certain cases. Appellant relied on the case of *Canal Bank* v. *Brewer*, 147 Miss. 885, 113 So. 552, 114 So. 127, to sustain her position that it is, in effect, a suggestion of error. We do not think the principle contended for by appellant is applicable here. Under the statute above cited, the five per cent damages to be allowed is incident to the affirmance where the statute applies.

Whenever the motion to correct the judgment involves a change of the holding of the opinion of the court, then it is, in effect, a suggestion of error, and must be filed within fifteen days, or the extension thereof allowed for the filing of suggestions of error; but, where the motion to correct the judgment does not involve a change in the opinion or judgment rendered or intended to be rendered by the court, and by omission or error in entering the judgment that the court intended to be entered, a motion to correct is a proper motion, and such motion is not a

suggestion of error. We think, in the case before us, that the above statute applies, and that the five per cent allowable should have been entered upon the entry of the judgment in accordance with the opinion of the court.

As the appellant is entitled to one-fifth of this sum, judgment will be entered in favor of the appellees for four-fifths of the sum, instead of the entire five per cent. The appellant and her bond will not be required to pay the one-fifth which the appellant would obtain under the distribution.

*Motion sustained.*